■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES C. GALLAGHER, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 21, 1975, convicting defendant of the crime of grand larceny in the second degree. The principal issues raised by the defendant are that the trial court erred (1) in refusing to grant defendant's motion to strike paragraph No. 1 of the People's bill of particulars, (2) in

denying defendant's trial motion to strike the testimony of the People's expert witness, (3) in receiving in evidence certain exhibits over defendant's objection and (4) in refusing to charge that the defendant could be found guilty of the lesser included crime of larceny in the third degree. The indictment, in a single count, charged the defendant with a violation of section 155.35 of the Penal Law in that he did, between January, 1970 and June, 1972, in his capacity as treasurer of the Albany Public School Teacher's Credit Union, steal property in excess of $1,500 by converting to his own use checks and money belonging to members of the Union rather than deposit the same to the credit of the members. In response to the defendant's demand that the People supply him with the date, description and amount of each and every transaction (CPL 200.90), the People filed a bill of particulars which in paragraph No. 2 thereof recited transactions totaling $3,722.10 and, additionally, in paragraph No. 1 of the bill alleged misappropriations by defendant of the gross sum of $91,046.92 from the credit union and in connection therewith attached a detailed schedule of the gross amount allegedly taken. The defendant's contention that the allegations in paragraph No. 1 of the bill of particulars are not only gratuitous, since such information was not requested, but are also violative of the maxim that a bill of particulars can never be employed to cure a defective pleading, is not persuasive. The defendant fails to point to the defect in the indictment which the bill supposedly sought to cure. Even if paragraph No. 1 is superfluous, defendant has demonstrated no prejudice. Next, the court's refusal to strike the testimony of Eugene Doerr, a partner in the accounting firm which analyzed the union's records, was not error. Mr. Doerr qualified as an expert witness and gave extensive testimony, without objection, of the methodology employed by him and members of his staff in auditing the books and records of the union and of the devices employed to conceal the thievery. It was proper for the People to prove the method by which the credit union funds were misappropriated. Defendant's other objection to the Doerr testimony on grounds related to the content of hypothetical questions is likewise rejected (CPLR 4515; *People v DiPiazza,* 24 NY2d 342, 351). The resolution of the issue of whether it was error to admit People's Exhibits 1 through 10 into evidence (checks drawn to order of defendant and allegedly indorsed by him) over defendant's objection turns on the competency of the sole witness who testified as to the genuineness of defendant's signature. This area of the law of evidence, in the absence of expert opinion testimony, as here, is inexact and turns on questions of credibility since a nonexpert, after showing knowledge of the subject handwriting, is permitted to state an opinion or belief as to the genuiness of the writing (Richardson, Evidence [10th ed], § 364, subd [o]). Herein, Mr. Beals, a member of the board of directors of the Albany Public School Teacher's Credit Union, knew defendant, had seen him sign his signature, had received notes and handwritten communications from him and, as to Exhibits 1 through 10, testified that the signature appeared to be that of defendant. The points developed on cross-examination as to the length of time that had passed since he last saw defendant's writing and the admission that it was possible that the indorsements in question were not defendant's signature, only raise issues of credibility and not admissibility. The trial court did not err in refusing to charge that defendant could, under the facts of the case, be found guilty of the lesser included crime of larceny in the third degree. Defendant's contention is premised on the argument that the jury could have disbelieved the testimony of Mr. Doerr with respect to the magnitude of the theft and, also, the testimony of either Sartore or Warren, leaving only proof with

respect to either Sartore or Warren which, in each case, would be less than $1,500 and not sufficient to support a guilty verdict to larceny in the second degree, as charged. This argument completely ignores the testimony of the defendant before the Grand Jury, read to the petit jury, wherein he admitted that during the four-month period in 1972 he failed to deposit cash receipts in the sum of $45,000, which money he took home and threw into a drawer, only to be returned later after the shortage was revealed, and the further admission that his misappropriation of funds exceeded $1,500. CPL 300.50 (subd 1) provides: "In submitting a count of an indictment to the jury, the court *in its discretion may,* in addition to submitting the greatest offense * * * submit in the alternative any lesser included offense *if there is a reasonable view of the evidence* which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is *no reasonable view of the evidence* which would support such a finding, the court *may not submit* such lesser offense" (emphasis supplied). In our view, in light of defendant's admissions, there was an absence of any reasonable view of the evidence to cause the court to have exercised its discretion and to have submitted a lesser included offense to the jury. The other issues raised by defendant are meritless and do not require discussion. Judgment affirmed. Greenblott, J. P., Mahoney, Main, Larkin and Reynolds, JJ., concur.